IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL NO. 1:13-CR-310-WSD |
| | : | 1:14-CR-084-WSD |
| ARTAVIUS BROWN | : | |
| | : | |

<u>BRIEF IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA</u>

Comes now the defendant, ARTAVIUS BROWN, and files this brief in support of his motion to withdraw his guilty plea.

**I.     FACTS**

On July 22, 1013, Mr. Brown made an initial appearance in federal court on a complaint alleging that he had committed an armed bank robbery and brandished a firearm during a crime of violence, in violation of sections 2113(d) and 924(c) of Title 18, respectively. Case No. 1:13-CR-310-WSD, Docs. 1, 3. Mr. Jeffrey Ertel from the Federal Defender Program, Inc. was appointed to represent him. *Id.*, at Doc. 2. Mr. Brown was detained pending trial. *Id.*, at Doc. 6.

Mr. Brown and a co-defendant were subsequently indicted on one count of conspiracy to commit a commercial robbery, the robbery of the PNC Bank, in violation of section 1951 of Title 1; armed bank robbery, in violation of section 2213(d) of Title 18; and using and carrying a firearm by brandishing it during and

in relation to a crime of violence, in violation of section 924(c)(1)(a)(ii) of Title 18. *Id.*, at Doc. 8. Mr. Brown's co-defendant pleaded guilty on December 16, 2013. *Id.*, at Doc. 34.

In the meantime, the government made counsel for Mr. Brown aware that he was a suspect in several additional robberies of Family Dollar and Dollar General stores in the metro Atlanta area. *See* PSR, at ¶¶ 12-16.

Mr. Brown's trial was originally set for January 27, 2014, but was continued upon a joint motion of the parties on the basis that they were engaged in ongoing plea negotiations. *Id.*, at Doc. 35. The trial was re-set for March 24, 2014. Case No. 1:13-CR-310-WSD, at Doc. 36.

On March 19, 2014, Mr. Brown pleaded guilty to a two count information, alleging two separate violations of the brandishing portion of section 924(c) of Title 18. Case No. 1:14-CR-084-WSD, Docs. 1, 4. There was a plea agreement that provided, *inter alia*, that the charges in the indictment in case number 1:13-CR-310-WSD would be dismissed upon entry of judgment in case number 1:14-CR-084-WSD, and that no further charges would be brought by the United States Attorney's Office for this district. Doc. 4, Exhibit (hereinafter "Plea Agreement"), at 4-5.

Mr. Brown's plea agreement contained an admission of guilt, Plea

Agreement, at 1, and an acknowledgment of penalties. *Id.*, at 3. The parties agreed to a joint recommendation of a 32 year sentence, which was the mandatory minimum. *Id.*, at 6. Mr. Brown agreed to pay restitution. *Id.*, at 7. The plea agreement also contained a certification by Mr. Brown that he had read the plea agreement, understood it, and was satisfied with his counsel. *Id.*, at 12.

The plea colloquy was 50 pages in transcript length. Doc. 11. The court began by asking Mr. Brown to let the court know if there was anything he did not understand or wanted the court to repeat or explain. *Id.*, at 3. Mr. Brown was then sworn. *Id.* The court ascertained from Mr. Brown that he was not on medication and had not consumed any alcohol or drugs in the last 24 hours. *Id.*, at 4.

The court then explained Mr. Brown's right to demand indictment by the grand jury and Mr. Brown's waiver of that right and agreement to proceed by information. Doc. 11, at 5-6. The court then explained Mr. Brown's trial rights, including the right to a speedy and public trial, the right to counsel, the presumption of innocence, the burden of proof, the right of confrontation, the right to remain silent and to testify, and the right to a unanimous verdict by a jury of his peers. *Id.*, at 6-12.

The government then summarized the plea agreement's terms, with some inquiry from the court regarding restitution and the mandatory minimum sentences

3

involved. Doc. 11, at 13-19. Mr. Brown was then asked and denied being forced to plead guilty. *Id.*, at 19-20. He stated that he had taken enough time to think about his plea of guilty. Id., at 22-23.

The court then reviewed the elements of the offenses and the possible penalties, including statutory maximums and the mandatory minimums that would result in a mandatory minimum combined total of 32 years. *Id.*, at 23-28. The court then reviewed the appeal waiver in detail. *Id.*, at 31-33. The court explained that there is no parole in the federal prison system. *Id.*, at 33-34.

The court also asked:

THE COURT: If we end up with me accepting your guilty plea to these counts today and we go to a sentencing and then I ultimately impose a sentence at the sentencing, if at that time it strikes you as more severe than you expected, do you understand that you will still be bound by your plea and I will not allow you to withdraw it?

THE DEFENDANT: Yes.

Doc. 11, at 35.

The court then reviewed the factual basis for the guilty plea with Mr. Brown. *Id.*, at 37-44. Mr. Brown then reiterated that he understood what the court had said and felt it was in his best interest to plead guilty. *Id.*, at 44-45.

On June 5, 2014, Mr, Brown moved to withdraw his guilty plea. Doc. 8. The court held a hearing on June 6, 2014. Doc. 10. Mr. Brown agreed to have

4

alternate counsel from the Federal Defender Program appointed. Mr. Brown reiterated his desire to withdraw his plea and counsel now files this brief in support of Mr. Brown's motion.

## II. DISCUSSION

Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw his plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." F.R.Cr.P. 11(d)(2)(B). A motion to withdraw a plea that is filed before sentencing must be liberally construed, however the right to withdraw the plea is not absolute. *United States v. Cesal*, 391 F.3d 1172, 1179 (11th Cir. 2004) (citing *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988)). *See also United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996).

This court must examine the totality of the circumstances presented in order to determine if Mr. Brown has presented a fair and just reason to withdraw his plea. *Id.* Factors to consider include whether "close assistance of counsel was available"; whether the plea was knowing and voluntary; whether judicial resources would be conserved; and whether the government would be prejudiced by the withdrawal of the plea. *Id.* The burden is on Mr. Brown to demonstrate that his plea should be withdrawn. *McCarty*, 99 F.3d at 385 (citing *Buckles*, 843

F.2d at 471). Mr. Brown's "good faith, credibility and weight of [his] assertions in support of a motion" to withdraw are issues for this court to decide. *Buckles*, 843 F.2d at 472.

A full evidentiary hearing may be necessary in order for Mr. Brown to have an opportunity to meet his burden of proof. However, where a thorough Rule 11 colloquy has been held, it is not an abuse of discretion to deny a motion without a hearing. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

### A. Assistance of Counsel

The right to have counsel represent one at every critical stage of the proceedings is critical to a fair trial or an informed plea. The close assistance of counsel during the consultation and plea negotiation process therefore weighs in favor of denying a motion to dismiss. *Buckles*, 843 F.2d at 472-73. In contrast, lack of close assistance of counsel weighs in favor of granting a motion to withdraw.

In *Buckles*, the defendant asserted that he had met with counsel only once prior to the day of court and that counsel pressured him to plead guilty as the only option to avoid a maximum sentence, due to the strength of incriminating evidence on FBI tapes. *Id.* The district court rejected Buckles's credibility and found that his lawyer's assertions about missed appointments were more credible. *Id.*

Here, Mr. Brown asserted that he was at least to some extent unhappy with his counsel. Substitute counsel was then arranged. In order for the court to determine this factor and for Mr. Brown to have the opportunity to establish his burden under this factor, a full evidentiary hearing is required to create a record of whether or not Mr. Brown was afforded "close counsel" sufficient to bind him to his plea. In so saying, Mr. Brown is mindful that he informed the court at his plea colloquy that he was satisfied with his counsel at the time, but Mr. Brown did indicate at the hearing on the motion to withdraw that he had not seen surveillance tapes and had other concerns. Accordingly, an evidentiary hearing is required to establish a record of what the exact relationship was between Mr. Brown and his counsel at that time.

  **B. Knowing and Voluntary Plea**

The second factor for the court to consider is whether Mr. Brown's plea was knowing and voluntart. A plea is generally knowing and voluntary if the court has addressed the core concerns of Rule 11. *Cesal*, 391 F.3d at 1178. Those core concerns are whether the plea was voluntary, whether the defendant understood the charges, and whether he understood the consequences of the plea. *Id.* Disagreement about details of the facts of the case and even the possibility of greater punishment may not render a plea involuntary. *Id.* However, failure to

inform a defendant of the permanence of his plea and his inability to withdraw the plea once entered is not harmless error under Rule 11(h). *United States v. Zickert*, 955 F.2d 665, 668 (11th Cir. 1992). *See also United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996) (failure to advise of mandatory minimum sentence mandates permitting defendant to withdraw his plea).

Furthermore, a subsequent protestation of innocence is also not always sufficient to entitle a defendant to withdraw his plea. *McCarty*, 99 F.3d at 385-86. Variations from the requirements of Rule 11, if any, must be serious enough to affect substantial rights before they can support a motion to withdraw. *Id.*, at 386.

Here, the court's review of the plea agreement was thorough as was the plea colloquy. Accordingly, Mr. Brown cannot say at this time that his plea was not knowing and voluntary because of the thoroughness of the colloquy and because he stated that he understood what he was doing. However, the voluntariness of the plea is but one factor for this court to consider and Mr. Brown can nevertheless demonstrate that withdrawal is the fair and just outcome here.

### C. Judicial Resources

The third factor, conservation of judicial resources, is a factor to consider that may weigh in favor of denying the motion in some circumstances. In *United States v. Freixas*, the Court of Appeals found that the district court's denial of the

motion to withdraw "plainly served the goal of conserving judicial resources, as it is obviated the need for a full trial on the merits in this case." 332 F.3d 1314, 1319 (11th Cir. 2003). *See also United States v. Najiar*, 283 F.3d 1306, 1308 (11th Cir. 2002) (finding resources conserved by denying motion because list of hundreds and hundreds of victims would make trial lengthy and complex).

Similarly, in *Buckles*, the fact that a full Rule 11 colloquy had taken place and a full evidentiary hearing had been held on the motion to withdraw was enough to support the district court's conclusion that enough judicial resources had been expended and the motion to withdraw should be denied. 843 F.2d at 474. In this case, however, a full evidentiary hearing has not been held.

Furthermore, in this case there is none of the manipulation evident in some other cases that weighed in favor of denying the motion. In *Cesal*, the jury had been empaneled already and then was dismissed when Cesal pleaded guilty. *Cesal*, 391 F.3d at 1180. In that case, because resources for trial had already been expended, and the plea then relied upon, denial of the motion was appropriate.

Mr. Brown also is not moving to withdraw his plea in an attempt to manipulate his sentence. *Compare United States v. Rogers*, 848 F.2d 166, 169 (11th Cir. 1988) (moving to withdraw plea at re-sentencing after initially receiving sentence of 25 years). Similarly, a motion to withdraw was denied when it was

9

made on the day of re-sentencing, two years after the plea. *United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996).

It is true that if Mr. Brown is permitted to withdraw his plea, the court will have to expend time and resources on a trial. However, every case starts with the presumption that those resources will be spent, as the defendant has a Sixth Amendment right to a trial until he validly waives it. There is no evidence of manipulation or bad faith here. Accordingly, Mr. Brown's motion should be granted or a full evidentiary hearing held to allow him to meet his burden.

**D.     Prejudice to the Government**

Finally, prejudice to the government is the least discussed factor in the cases addressing withdrawal of guilty pleas. In denying a motion, the district court is not required to find prejudice to the government. *McCarty*, 99 F.3d at 386, n. 2.

However, where significant time has passed and witnesses have scattered after government reliance on the plea, prejudice to the government counsels in favor of denying a motion to withdraw where the government would have to spend the time and expense to reassemble witnesses and evidence. *Buckles*, 843 F.2d at 474 (affirming denial of motion when Buckles pleaded guilty and was fugitive for three years). Similarly, where the government limited its investigation after reliance on a plea that occurred eight months previously, prejudice to the

government was properly found. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

## III. CONCLUSION

Mr. Brown acknowledges that the court's plea colloquy was thorough. Nevertheless, an evidentiary hearing should be held to determine whether he had the close assistance of counsel and whether there would be prejudice to the government if his plea was withdrawn and the case proceeded to trial.

For all of the above stated reasons, Mr. Brown respectfully submits that he has demonstrated or can demonstrate a "fair and just reason" to withdraw his guilty plea, and requests that the court grant him an evidentiary hearing or permit him to withdraw his guilty plea.

Dated: This 23rd day of June, 2014.

Respectfully submitted,

/s/ *Nicole M. Kaplan*
NICOLE M. KAPLAN
State Bar No. 382495
Attorney for Mr. Brown

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.

Atlanta, GA  30303
(404) 688-7530

## CERTIFICATE OF SERVICE

This is to certify that this Brief has been prepared in the typeface Times New Roman, 14 pt., pursuant to LR 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    AUSA John Ghose

Dated:  This 23rd day of June, 2014.

             Respectfully submitted,


             /s/ *Nicole M. Kaplan*
             NICOLE M. KAPLAN