IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARTAVIUS BROWN, | HABEAS CORPUS |
| | 28 U.S.C. § 2255 |
| Movant, | |
| | |
| v. | CIVIL ACTION FILE NO. |
| | 1:16-CV-2136-WSD-JKL |
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION FILE NO. |
| Respondent. | 1:14-CR-84-WSD-JKL |

**FINAL REPORT AND RECOMMENDATION**

Movant, confined in the United States Penitentiary in Atwater, California, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 40.] For the reasons set forth below, the undersigned recommends that the motion to vacate be **DENIED**.

### I.   BACKGROUND

On March 19, 2014, the United States Attorney charged Movant with two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). [Doc. 1.] The "crimes of violence" forming the basis of Movant's charges were a Hobbs Act robbery, 18 U.S.C. § 1951, and armed bank robbery, 18 U.S.C. § 2113(a) and (d). [*Id.*] Movant waived indictment and

entered a guilty plea to both counts pursuant to a negotiated plea agreement. [Doc. 4.] The plea agreement included a waiver of Movant's right to appeal and collaterally attack his sentence, including through a § 2255 motion, except under limited circumstances. [Doc. 4-1 at 10.] The Court confirmed Movant's understanding of this waiver at the plea hearing. [Doc. 11 at 31-33.]

Movant later filed a motion to withdraw his guilty plea, which the Court denied after an evidentiary hearing. [Doc. 21.] Movant was sentenced to the mandatory minimum, 32 years' incarceration, to be followed by two concurrent five-year terms of supervised release, $4,509.35 restitution, and a $200 special assessment. [Doc. 24.] Despite the appeal waiver in his plea agreement, Movant appealed his conviction, and the Eleventh Circuit dismissed the appeal based on Movant's knowing and voluntary waiver. [Docs. 25, 38.]

On June 14, 2016, Movant filed the motion to vacate currently before the Court, arguing that his convictions are invalid based on the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Respondent filed its response to the motion to vacate on July 25, 2016. [Doc. 45.]

## II. DISCUSSION

**A.     The Standard for Relief Under § 2255**

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).   Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, __ U.S. __, 136 S.Ct. 267 (2015).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

### B. Movant Waived His Right to Collaterally Attack His Sentence

The appeal waiver in Movant's plea agreement bars his § 2255 motion. An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those situations are present here.

At the plea hearing, the Court questioned Movant about the appeal waiver in his plea agreement. Movant also acknowledged when he signed the plea agreement that he understood the waiver and that it prevented him from challenging his sentence, including in a post-conviction proceeding. [Doc. 4-1 at 12.] It is clear from the record that the appeal waiver is enforceable and bars Movant's challenge to his sentence under § 2255. *See Demello v. United States*, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from

collateral[ly] attacking a sentence . . . ."). The Eleventh Circuit has already reached the same conclusion, dismissing Movant's appeal on the ground that the appeal waiver was knowingly and voluntarily made. [Doc. 38 at 2.] Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion be **DENIED**.[1] The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**IT IS SO RECOMMENDED** this 3rd day of November, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[1] Movant's motion to vacate also fails on the merits. The Eleventh Circuit has already confirmed that a Hobbs Act robbery and armed bank robbery still qualify as crimes of violence for the purposes of a § 924(c) conviction after *Johnson*. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that defendant's "conviction for aiding and abetting a Hobbs Act robbery . . . clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A)"); *In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (finding Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (holding that "a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)").