## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ARTAVIUS BROWN,

                          Movant,

        v.

UNITED STATES OF AMERICA,

                          Respondent.

Criminal Action No.
1:14-cr-00084-WSD

Civil Action No.
1:16-cv-02136-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's

Final Report and Recommendation [46] ("R&R"). The R&R recommends the

Court deny Movant Artavius Brown's ("Movant") motion under 28 U.S.C. § 2255

to vacate, set aside, or correct sentence by a person in federal custody [40]

("Motion to Vacate").

## I.    BACKGROUND

On March 19, 2014, Movant was charged with and pled guilty to two counts

of brandishing a firearm during a crime of violence, in violation of 18 U.S.C.

§ 924(c).  (See [1], [4]).  On August 19, 2014, the Court denied [21] Movant's

Motion to Withdraw Guilty Plea [8], after holding an evidentiary hearing [17] on

the motion.  On September 29, 2014, Movant was sentenced to three hundred

eighty-four (384) months incarceration with five (5) years of supervised release. ([24]).  Movant appealed, and, on April 6, 2015, the Eleventh Circuit dismissed the appeal pursuant to the appeal waiver in Movant's plea agreement.  (See [38]).

On June 14, 2016, Movant filed his Motion to Vacate.  In it, Movant argues that his conviction is invalid pursuant to the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

On November 3, 2016, the Magistrate Judge issued his R&R.  In it, the Magistrate Judge found that Movant's sole ground for relief fails because Movant's appeal waiver bars his claim, and the Eleventh Circuit has upheld the appeal waiver.  The Magistrate Judge also recommended that a Certificate of Appealability ("COA") not be issued.  Movant did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."
28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and
recommendation, a court conducts only a plain error review of the record.
United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.    Analysis

Movant argues that his sentence is invalid because the charges to which he
was convicted no longer qualify as "crimes of violence" for purposes of a § 924(c)
conviction after Johnson.  The Magistrate Judge found that this ground for relief
fails because Movant's appeal waiver bars it.  The Court agrees.
See Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) ("It is
well-settled that sentence-appeal waivers are valid if made knowingly and
voluntarily.").  The Court also agrees with the Magistrate Judge's finding that
Movant knowingly and voluntarily waived his right to appeal and collaterally
attack his conviction and sentence.  See Demello v. United States, 623 F. App'x
969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into
knowingly and voluntarily and contains express language waiving the right to
collateral review, it is enforceable and precludes the defendant from collateral[ly]
attacking a sentence. . . .").

3

The Magistrate Judge next found that Movant's sole ground for relief fails on the merits.  The Magistrate Judge found that "a Hobbs Act robbery and armed bank robbery still qualify as crimes of violence for the purposes of a § 924(c) conviction after Johnson."  (R&R at 5).  See In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that defendant's "conviction for aiding and abetting a Hobbs Act robbery . . . clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A)"); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (finding Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"); In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (holding that "a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)").  Accordingly, the Magistrate Judge denied Movant's ground for relief.  The Court finds no plain error in these findings and recommendation, and Movant's Motion to Vacate is denied.  See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommended that a COA should be denied because Movant has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  The Court finds no plain error in this finding and recommendation, and a COA is denied.  Movant is advised that he "may not appeal the denial but

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [46] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate [40] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.


**SO ORDERED** this 20th day of December, 2016.


William S. Duffey

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE